UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Anderson J. Fletcher,                                     Case No. 3:19-cv-495

        Plaintiff

    v.                                                      MEMORANDUM OPINION
                                                          AND ORDER

John Doe, et al.,

        Defendants

## I.    INTRODUCTION

On March 6, 2019, Plaintiff Anderson J. Fletcher, through his counsel, filed this § 1983 action based on events occurring on March 4, 2017. (Doc. No. 1). Defendants Lucas County Deputy Sheriff John Doe and Lucas County Sheriff John Tharp move for judgment on the pleadings. (Doc. No. 9). Although I granted Plaintiff's two motions to extend the deadline to respond, Plaintiff has not filed an opposition to Defendants' motion. (Doc. Nos. 10 & 11, granted by non-document orders). As such, Defendants' unopposed motion is currently decisional.

## II.    BACKGROUND

Plaintiff Anderson J. Fletcher alleges that on March 4, 2017, he was arrested for a trafficking violation and confined at the Lucas County Jail. (Doc. No. 1). On this day, Fletcher claims he asked multiple times for an explanation for his detention. In response, Fletcher alleges Defendant Deputy Sheriff John Doe first tackled him and then fired a taser at Fletcher's groin. Both of these actions occurred while Fletcher was handcuffed. Fletcher claims he sustained serious injury from the taser and sought, but was denied, treatment for these injuries. Plaintiff also alleges that, in the 48 hours after his arrest, he was denied a cot, a shower, and a phone call.

### III. STANDARD

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555. Ultimately, judgment on the pleadings is granted only where there is no material issue of fact involved and the moving party is entitled to judgment as a matter of law. *Paskavan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

### IV. DISCUSSION

"Section 1983 provides a federal cause of action against government officials who, while acting under color of state law, 'deprived the claimant of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Rhinehart v. Scutt*, 894 F.3d 721, 735 (6th Cir. 2018).

In Fletcher's first § 1983 claim, brought against Deputy Sheriff Doe in his individual capacity, Fletcher claims Deputy Sheriff Doe violated his First, Fourth, Fifth, and Fourteenth Amendment rights on March 4, 2017, when Deputy Sheriff Doe allegedly tackled Fletcher and used a taser on him. In his second § 1983 claim, brought against Sheriff Tharp in his official and individual capacities, Fletcher alleges Sheriff Tharp "permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable, and illegal and excessive force against African-American males by deputy sheriffs." (Doc. No. 1 at 4). Both claims must fail.

First, as to those claims brought against Defendants in their individual capacities, Defendants may only be liable for claims "based only on their own unconstitutional behavior." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). "At a minimum a plaintiff must show

that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

In his Complaint, Fletcher states specific facts as to only Deputy Sheriff Doe's conduct on March 4, 2017. That is, even though Fletcher alleges he was deprived of a cot, a phone call, and a shower in the 48-hour period following the initial March 4, 2017 event, Fletcher does not allege either Defendant was personally involved in these alleged deprivations. In fact, Fletcher does not claim these allege deprivations give rise to any constitutional violation whatsoever. Instead, Fletcher alleges Deputy Sheriff Doe's March 4, 2017 actions were unconstitutional, but were permitted and encouraged by jail policy.

Defendants allege these March 4, 2017-related claims are barred by the statute of limitations. I agree.

Because § 1983 does not provide a statute of limitations, courts apply "Ohio's two-year statute of limitations governing personal injury actions to Ohio cases arising under § 1983." *J. Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 292 (6th Cir. 2019). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). Specifically, "[i]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991), *abrogated on other grounds by Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003).

Here, Fletcher claims Deputy Sheriff Doe tackled and used a taser on Fletcher on March 4, 2017. Because this was the event that should have alerted Fletcher to protect his rights, the two-year statute of limitations accrued on March 4, 2017. Fletcher did not file his Complaint until March 6, 2019, two days after the statute of limitations ran on March 4, 2019. Therefore, even though the

Complaint was filed only two days late, all claims based upon these March 4, 2017 facts are barred by the statute of limitations and must fail as a matter of law.  *See, e.g., In re Royal Management, Inc.*, 652 F. App'x 330, 339-40 (citing cases dismissed for missing "deadlines over which courts have no authority, including … statute-of-limitations deadlines.").

Even if I were to consider the allegations regarding the 48-hour period following March 4, 2017, to be within the statute of limitations, Fletcher's claims would fail.  First, because Fletcher alleges no personal involvement by either Defendant in the alleged deprivations but only unconstitutional policies and customs, the only claim remaining would be against Sheriff Tharp in his official capacity.  *See Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543-44 (6th Cir. 2008) (holding failure-to-train claims asserted against an individual supervisor are claims against the municipality rather than the individual supervisor in his individual capacity); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) (same).  Second, as an Ohio prison official, Sheriff Tharp is entitled to Eleventh Amendment immunity for damage's claims asserted against him in his "official capacity." *See Wolfel v. Morris*, 972 F.2d 712, 718-19 (6th Cir. 1992).  Because Fletcher seeks only damages for this claim rather than injunctive relief, (Doc. No. 1 at 6), his "official capacity" claim must also fail as a matter of law.

## V.    Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings is granted and this case is closed.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge

4